FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>JAMES CASADY CANGRO,<br>aka: "HAVIC,"<br><br>Defendant(s) | Case No. **22mj557** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of September 3, 2021 in the county of Bernalillo in the _____ District of _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 931 | possession of body armor by a violent felon. |

This criminal complaint is based on these facts:

Refer to the attached 6-page Affidavit in Support of Criminal Complaint and Arrest Warrant.

☑ Continued on the attached sheet.

_____
Complainant's signature

Bryan Acee, FBI Special Agent
Printed name and title

Sworn to before me by telephone or other reliable electronic means.

Date: April 8, 2022

_____
Judge's signature

City and state: Albuquerque, New Mexico

Laura fashing, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Bryan Acee, being duly sworn, depose and say:

### Introduction

1. I am a Special Agent with the FBI have been a sworn law enforcement officer for 22 years, serving as a police officer, detective, task force officer, and special agent. I have been with the FBI since 2009 and am currently assigned to the investigation of Domestic Terrorism. Over the course of my career, I have specialized in the investigation of drug trafficking organizations, street and prison gangs, and violent crimes. I have served on several multiagency task forces dedicated to the investigation of drug trafficking, gangs and violent crime. I have qualified in several state courts as an expert witness on drug trafficking and possession of drugs with intent to distribute. I have qualified in federal court as an expert on drug distribution, firearms, ammunition, interstate nexus, and the Juarez Cartel. I have served as an adjunct professor; law enforcement instructor; and presenter on drug and gang investigations at numerous law enforcement academies, training seminars and at the University of New Mexico and New Mexico State University.

2. This affidavit is in support of a criminal complaint and arrest warrant charging **JAMES CASADY CANGRO, aka: "HAVIC,"** (CANGRO) with a violation of 18 U.S.C. § 931 possession of body armor by a violent felon.[1]

---

[1] 18 U.S. Code § 931 - Prohibition on purchase, ownership, or possession of body armor by violent felons.
(a) In General. - Except as provided in subsection (b), it shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is—
(1) a crime of violence (as defined in section 16); or
(2) an offense under State law that would constitute a crime of violence under paragraph (1) if it occurred within the special maritime and territorial jurisdiction of the United States.
(b) Affirmative Defense. -
(1) In general. - It shall be an affirmative defense under this section that—

1

## Statement of Probable Cause

3.  In February 2022, an FBI Confidential Human Source (CHS), who has strong ties to white power gangs and race based violent extremists, reported CANRO was involved in drug distribution, unlawful firearms possession and other criminal activity in Albuquerque, New Mexico. By way of background, CANGRO is a validated member of the Soldiers of Aryan Culture (SAC), a violent prison gang that originated in Utah.[2]

---

(A) the defendant obtained prior written certification from his or her employer that the defendant's purchase, use, or possession of body armor was necessary for the safe performance of lawful business activity; and (B)the use and possession by the defendant were limited to the course of such performance.

[2] The Soldiers of Aryan Culture (SAC) is a large American white supremacist prison gang. Initially based in Utah, SAC has since spread across the nation, having members in several states as well as the federal prison system. The SAC operate both inside and outside prison walls. SAC members outside of prison stay in contact with those inside correctional facilities and communicate via phone, letters, and in person visits. The gang is organized via a rank structure consisting of generals, captains, lieutenants, sergeants and soldiers. The more criminal activity that a member engages in, the more likely they'll advance to a higher rank. According to the Southern Poverty Law Center, SAC members rose through the ranks by committing violence against Hispanic and black inmates. SAC accepts new members by invitation only and prospective members are required to complete numerous violent acts. Once new members are accepted into the gang, they receive a SAC "patch" (tattoo) of the group's insignia: a swastika interwoven with an Iron Cross – sometimes accompanied by the initials "SAC". There also exist special patches for certain deeds, such as the SS bolts. Unlike most other white supremacist prison gangs such as the Aryan Brotherhood and the Nazi Low Riders, the SAC are strongly anti-Semitic. While many politically oriented white supremacist organizations like the Ku Klux Klan and the National Socialist Movement carry such ideologies, it is unusual for white power prison gangs to hold these views – at least in high regard. The Aryan Brotherhood, for instance, has a high-ranking lieutenant who is part Jewish, even openly sporting a Star of David tattoo. For the SAC, however, hatred towards Jewish people is rather common. The SAC code of conduct requires its members to attack known sex offenders and informants. Additionally, members are forbidden from cooperating with law enforcement. The SAC engages in a number of different illicit activities, such as: murder; assault; robbery; extortion; firearms trafficking; and drug distribution. *Sources*: Soldiers of Aryan Culture (adl.org) and FBI Safe Streets Gang Unit.

2



CANGRO's New Mexico driver's license photo. Note the tattoo above his right eye "188%," which is indicative of 100% white power. 88 refers to Hail Hitler ("H" being the 8th letter in the alphabet).



U.S. Bureau of Prisons photo of CANGRO with tattoos of the letters "SAC" on lower stomach and SAC symbol above that – red swastika and blue iron cross.

4.  CANGRO has an extensive criminal history with prior convictions for robbery in Utah[3], aggravated assault in both Oklahoma and Utah,[4,5] and firearm related charges. I believe the prior robbery and aggravated assault convictions are considered crimes of violence under 18 U.S.C. § 16. CANGRO has a prior federal conviction for being in violation of 18 U.S.C. § 924(c) use of a firearm in furtherance of a drug trafficking crime, case No. 04-CR-00339-DB.

---

[3] Utah punishes a person for robbery when they "unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, by means of force or fear; or intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft." Utah Code Ann. § 7-6-301(1) (1999). It is a crime of violence. *United States v. Platt*, 807 Fed Appx. 804 (10th Cir. 2020) (unpublished).

[4] Oklahoma Assault and Battery with a Dangerous Weapon is a crime of violence because "assault" and "battery" both must be done "wilfully." *See* Okla. Stat. Tit. 21, § 641 (assault) and § 642 (battery). Under Oklahoma law, an act is done "willfully" if it is done with "a purpose or willingness to commit the act … referred to." Okla Stat. tit. 21, § 92. It is a crime of violence. *United States v. Boyd*, 685 Fed. Appx. 688 (10th Cir. 2017) (unpublished).

[5] The United States takes the position that Utah Aggravated Assault is divisible and that there is an intentional *mens rea* for older versions of the statute. *See also United States v. Fagatele*, 944 F.3d 1230 (10th Cir. 2019).

5.  Based on information from the CHS, I began researching CANGRO and discovered he was dating and living with Laura Michelle CRISTY at 3413 Ross Avenue SE, #D, Albuquerque, New Mexico. Law enforcement and court records indicated CRISTY was on federal probation for human trafficking (Case No. EP-19-CR-01284-DCG-2).

6.  While researching CANGRO and CRISTY, I learned that on September 3, 2021, United States Probation Office (USPO) officers conducted a search of the CANGRO/CRISTY residence. The search was predicated on the fact that USPO officers believed CRISTY was using drugs, living with CANGRO (a violent felon), and in violation of the terms of her supervised release. Moreover, USPO officers received information indicating CANGRO and others had been involved in home-invasion type robberies in which the men pretended to be police officers.

7.  USPO officers made contact with CRISTY prior to the search and advised her they were coming.[6] USPO officers subsequently arrived at the location and made contact with CRISTY and CANGRO. Two Bernalillo County Sheriff's Office (BCSO) detectives were present during the search, both of whom recorded the incident on their body worn cameras. USPO officers searched the residence and located the following contraband during the search:

---

[6] I believe one or more firearms may have been removed from the premises prior to the arrival of USPO officers. My belief is based on the fact that USPO officers called ahead of their visit, CRISTY and CANGRO are convicted felons, and officers subsequently found a Glock pistol loading device, a ballistic vest, and handcuffs inside the home. Moreover, CRISTY's cell phones contained photos of a black pistol.

4

    a. backpack full of THC products,
    b. $1,000 in U.S. currency,
    c. large knife in a sheath,
    d. handcuffs,
    e. a black ballistic vest with a dagger in the chest plate area,
    f. 2 glass methamphetamine pipes,
    g. anabolic steroids,
    h. Glock pistol loader,
    i. two packages of syringes,
    j. a switchblade knife,
    k. identification in the name of a third party,
    l. one Samsung Galaxy cellular telephone that contained various photos of drugs, a large quantity of currency, and a Taurus pistol.



*The items seized by USPO*

8.    During a post-Miranda interview, CANGRO told BCSO detectives the ballistic vest, knives, and handcuffs belonged to him. He initially said he had used the vest while serving as a wildland fire fighter. He later said he purchased the vest for protection because someone had shot at his vehicle.

9.    This conduct was reported to the Western District of Texas, where CRISTY'S jurisdiction originates for initiation of violation proceedings, due to the violations of her supervised release. CRISTY continued to display non-compliant behavior, and in November

5

2021, two more cellphones were removed from her possession, following her termination from a halfway house. CRISTY was subsequently arrested and remains in custody. USPO officers seized all of the evidence items listed above and maintained custody of them.

### Search Warrant on Cristy's Cell Phones

10.     On March 9, 2022, I obtained a U.S. District Court search warrant to examine CRISTY's three cell phones, Case No. 22MR399. FBI agents were able to access two of the three phones and reviewed the contents. There were numerous communications between CHRISTY and CANGRO, as well as photos of a pistol, CANGRO with bulk currency, and CANGRO displaying his SAC tattoos. I am including these because I think they corroborate the initial information the FBI received from the CHS concerning CANGRO's criminal activities.





## Conclusion

11.     Based on the information contained herein, I believe there is probable cause to charge CANGRO with a violation of 18 U.S.C. § 931. Supervisory Assistant United States Attorney Jack Burkhead approved criminal charging in this matter.

Respectfully submitted,

Bryan Acee
FBI Special Agent

Electronically submitted and telephonically sworn to me on April __8__, 2022.

The Honorable Laura Fashing
United States Magistrate Judge
District of New Mexico

7